AO 248 (Rev. 08/20) ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 19CR0702-JLS |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| TRACY JULIA CHAVEZ | (COMPASSIONATE RELEASE) |

Upon motion of the defendant for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) (ECF Nos. 29 and 30) and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,[1]

IT IS HEREBY ORDERED that the motion is DENIED after complete review of the motion on the merits.

FACTORS CONSIDERED:

The Court finds that Defendant has failed to establish that her current medical condition presents an extraordinary and compelling basis for relief under Section 3582(c)(1)(A)(i). Although Defendant's BMI of 32, asthma, substance abuse history, and other conditions may place her at higher risk of serious health complications from COVID-19, Defendant has been fully vaccinated against the virus. Courts have recognized that given the effectiveness of COVID-19 vaccines, "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an "extraordinary and compelling reason"

---

[1] Although the Ninth Circuit has determined that the Sentencing Commission policy statement is not applicable to motions filed by a defendant under the amended § 3582(c)(1)(A), the court recognized that it may inform a district court's discretion. *United States v. Aruda,* 993 F.3d 797 (9th Cir. 2021).

warranting a sentence reduction." *United States v. Lemons*, 14 F.4th 747, 751 (6th Cir. 2021) (citing *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021).

Nor is the Court persuaded that Defendant's physical condition presents and extraordinary and compelling basis for relief. Defendant underwent surgeries after a car accident which left her with a limp and the need to use a cane for walking. Defendant indicates she needs further surgery, but now has arthritis growing around her hip which makes the surgery high-risk. Defendant indicates that, while incarcerated, she has not been provided proper inserts for her shoes which would help to alleviate her condition. Although these circumstances are certainly unfortunate and undesirable, the Court is not persuaded they rise to the level of truly extraordinary and compelling reasons necessary to change and modify a final sentence. Although Defendant's medical records do demonstrate a history of falls, they do not indicate that Defendant's ability to provide self-care within the facility is substantially diminished.

The Court is also not persuaded that Defendant's need to care for her son presents an extraordinary and compelling basis for relief. Defendant's adult son does have a caregiver who is elderly, but not incapacitated. Furthermore, Defendant has not established that there are no other caregivers available for her son.

Finally, the Court finds that a sentence reduction is not warranted under the applicable factors provided in 18 U.S.C. § 3553(a). In light of Defendant's history of drug crimes, drug addiction, and probation violations, the Court is not persuaded that early release is consistent with the goals of the need for the sentence imposed to promote respect for the law, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to avoid unwarranted sentence disparities under 18 U.S.C § 3553(a).

Accordingly, Defendant's Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A)(i) is DENIED.

IT IS SO ORDERED.

Dated: June 17, 2022

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge